IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTIN TAYLOR, # 153251, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:06-CV-126-MHT** |
| | ) |
| SANDRA HAYES, | ) |
| | ) |
| Defendant. | ) |

## ANSWER and SPECIAL REPORT

Comes now the Defendant, *Sandra Hayes*, by and through the Honorable Troy King, Attorney General for the State of Alabama, and in accordance with this Honorable Court's Order of February 13, 2006, does hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Martin Taylor (hereinafter "Taylor"), is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated in the Easterling Correctional Facility in Clio, AL.

2. The Defendant, Sandra Hayes (hereinafter "Hayes"), is a Classification Specialist, employed by the ADOC and works at Easterling Correctional Facility.

## DEFENDANTS' EXHIBITS

In accordance with this Court's Order, the Defendant submits the following exhibits:

1. Exhibit "A" - Affidavit of Sandra Hayes

2. Exhibit "B" -- Report of Investigation provided by the Alabama Board of Pardons and Paroles

## PLAINTIFF'S ALLEGATIONS

Taylor contends that Hayes refuses to place him in minimum security custody until he has completed the Crime Bill SAP program (hereinafter "the SAP program"). According to Taylor, the court never ordered him to complete the SAP program and, as a result, he would like to be placed in minimum security custody, not have to attend the SAP program, and be allowed to "choose programs that [he] feel[s] will help [him]."

## ANSWER

**COMES NOW** the defendant, Sandra Hayes, and in answer to the Plaintiff's complaint avers as follows:

The Defendant denies each and every material allegation of the Plaintiff's complaint and demands proof of the same.

**SPECIAL REPORT**

*I.    Taylor's constitutional rights were not violated.*

The crux of Taylor's argument seems to be that he is *entitled* to be placed in a minimum security facility. This conclusion was reached based upon reviewing the entirety of Taylor's complaint and the following statement made by Taylor: "She's [Hayes] not going by classification manual[. An ] [i]nmate with clear record should be put in for custody change and work-release[,] etc. after 90 to 180 days. I'm non-violent and qualify for minimum in custody and minimum out of custody as well as work-release and lower-level prisons." (Taylor's complaint, pg. 3)

Taylor does not have a constitutional right to be placed in a minimum custody facility. The United States Supreme Court has held that a prisoner has no constitutional right to a housing unit of his choice. *See* Johnson v. United States, 816 F. Supp. 1519, 1523 (N.D. Ala. 1993) *citing* Meachum v. Fano, 427 U.S. 215 (1976). It has also been recently held by the Alabama Court of Criminal Appeals that "a prisoner does not have a liberty interest in a particular custody or security classification." Block III v. Ala. Dept of Corrections, CR-04-1417, 2005 WL 2046325, at *1 (Ala. Crim. App. Aug. 26, 2005). Because Taylor is not entitled to be placed in a minimum security facility, his complaint is due to be dismissed.

3

## II. *Taylor's claims lack merit.*

Taylor contends that his reclassification to a minimum security facility is being based upon his completion of the "SAP" program. (Taylor's complaint, pg. 2) Taylor's contention is incorrect. In Taylor's exhibit A, Hayes stated: "You will not leave Easterling until Crime Bill SAP is completed." (*See* Hayes complaint, exhibit A) Hayes never stated that Taylor would be reclassified if he completed the Crime Bill SAP program.

Moreover, " an in mate's c ustody classification may be de termined b y t he crime in which he was convicted." Block III v. Ala. Dept. of Corrections, 2005 WL 2046325, at *4 *quoting* McConico v. Alabama Department of Corrections, 893 So. 2d 577, 581 (Ala. Crim. App. 2004). In this case, Hayes stated that she would not "recommend an honor camp, minimum facility, or work release program for inmate Taylor" because she had to "take the safety of the public in[to] consideration." (*See* exhibit A) In Hayes's view, Taylor's 131 arrests/convictions (a few of which were violent) indicate that Taylor is still a "public risk" and needs to be in restrictive custody. (*See id., pgs. 2-3.*) Because Hayes still considers Taylor a threat to the public, she could rightfully deny Taylor's request for a custody reclassification. *See* Hendking v . S mith, 781 F .2d 850, 852 (11th Cir. 1986) (The classification [system] adopted by the Alabama prison system is not arbitrary and capricious, but reasonable and appropriate. There is no constitutional invalidity unless the regulation is administered maliciously or in bad faith.")

4

### III.   *Hayes is immune from liability.*

Taylor's claims are due to be dismissed because Hayes is immune from liability. The United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Hayes is a state employee and a suit against her is a suit against the State. The State has not consented or waived immunity in this case. Thus, Hayes is absolutely immune from liability. In addition, Hayes is protected by qualified immunity.

The Eleventh Circuit has stated that: "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) *quoting* Lassiter v. Ala. A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc).

Because the alleged acts of Hayes consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory

5

rights of Taylor's, Hayes is protected by qualified immunity. <u>Wilson v. Blankenship</u>, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* <u>Pinkney v. Davis</u>, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

### **Conclusion**

Based on the foregoing, Sandra Hayes requests that this Honorable Court dismiss Taylor's complaint with prejudice.

Respectfully Submitted,

Troy King (KIN047)
Attorney General


/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Division*
11 South Union Street
Montgomery, AL 36130
Phone: 334-353-5305
Fax: 334-242-2433
Email: bcarmack@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 15th day of March, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Martin Taylor
#153251
Easterling Correctional Facility
200 Wallace Drive
Clio, AL  36017**

/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433