IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTIN TAYLOR, # 153251, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:06-CV-126-MHT** |
| | ) |
| SANDRA HAYES, | ) |
| | ) |
|     Defendant. | ) |

## SUPPLEMENTAL SPECIAL REPORT

Comes now the Defendant, *Sandra Hayes*, by and through the Honorable Troy King, Attorney General for the State of Alabama, and in accordance with this Honorable Court's Order of March 27, 2006, does hereby submit the following Supplemental Special Report.

## PLAINTIFF'S ALLEGATIONS

Taylor contends that Sandra Hayes refuses to place him in minimum security custody until he has completed the Crime Bill SAP program (hereinafter "the SAP program"). According to Taylor, the court never ordered him to complete the SAP program and, as a result, he would like to be placed in minimum security custody, not have to attend the SAP program, and be allowed to "choose programs that [he] feel[s] will help [him]."

Taylor also contends that the report used to deny his placement into a minimum security facility is incorrect. (Taylor's complaint, pg. 3) In particular,

Taylor contends that he is not 5'6, but 6'0. *See id.* Taylor also contends that he only has a "possession charge" and that he does not have 107 misdemeanors or 12 felonies. *Id.*

### I. Taylor is not 5'6.

Taylor is correct that the report from pardons and paroles erroneously states that his height as 5'6'' instead of 6'0. *See* exhibit B.

### II. Taylor has more than a possession charge.

Taylor contends that he only has a possession charge. Taylor's contention is incorrect. Taylor has the following convictions (according to the Alabama Court System):

1. 3rd Degree Burglary (1989)
2. 3rd Degree Theft of Property (1995)
3. Possession of a controlled substance (1998)
4. Unlawful distribution of a controlled substance (2002)
5. 3rd Degree Burglary (2003)
6. Attempt to distribute drugs (2005)
7. Soliciting prostitution (2005)
8. 3rd Degree Theft of Property (1995)
9. Possession of drug paraphernalia (2002)
10. Public Intoxication (2002)

11. Possession of drug paraphernalia (2004)

12. Negotiating a worthless instrument (2005)

13. Negotiating a worthless instrument (2005)

14. Negotiating a worthless instrument (2005)

15. Negotiating a worthless instrument (2005)

16. Negotiating a worthless instrument (2005)

17. Negotiating a worthless instrument (2005)

(*See* exhibit C and its attachments)

## ARGUMENT

Taylor is currently incarcerated for attempting to distribute drugs and soliciting prostitution. (*See* exhibits C and D) Based upon Taylor's history of drug use, Ms. Hayes recommended that Taylor attend the Crime Bill SAP program. *See id.* Taylor is not required to attend the SAP program, but his failure to do so will prevent him from being placed in a minimum security facility. (*See* exhibit D, attachment pg. 2 (page 8 of the classification manual))("While an inmate may have the option of refusing to participate in specific programs recommended by professional or treatment staffs, in those cases where there is an obvious identified need for such programs, the refusal of an inmate to attend or participate will be considered in all future classification reviews.")

3

In his complaint, Taylor's argument seems to be that he is *entitled* to be placed in a minimum security facility. Taylor does not have a constitutional right to be placed in a minimum custody facility. The United States Supreme Court has held that a prisoner has no constitutional right to a housing unit of his choice. *See* Johnson v. United States, 816 F. Supp. 1519, 1523 (N.D. Ala. 1993) *citing* Meachum v. Fano, 427 U.S. 215 (1976). It has also been recently held by the Alabama Court of Criminal Appeals that "a prisoner does not have a liberty interest in a particular custody or security classification." Block III v. Ala. Dept of Corrections, CR-04-1417, 2005 WL 2046325, at *1 (Ala. Crim. App. Aug. 26, 2005).

Furthermore, "an inmate's custody classification may be determined by the crime in which he was convicted." Block III v. Ala. Dept. of Corrections, 2005 WL 2046325, at *4 *quoting* McConico v. Alabama Department of Corrections, 893 So. 2d 577, 581 (Ala. Crim. App. 2004). In this case, Ms. Hayes stated that she would not "recommend an honor camp, minimum facility, or work release program for inmate Taylor" because she had to "take the safety of the public in[to] consideration." (*See* exhibit A) In Hayes's view, Taylor's convictions for public intoxication, drug possession, and other drug related crimes, indicate that Taylor is in need of drug treatment and remains a threat to society. (*See* exhibit D) Because Taylor appears to have a drug problem and poses a safety risk to society, Ms. Hayes could rightfully deny Taylor's request for a custody reclassification. *See* Hendking v. Smith, 781 F.2d 850, 852 (11th Cir. 1986) (The classification [system] adopted by the Alabama prison system is not arbitrary and capricious, but

4

reasonable and appropriate. There is no constitutional invalidity unless the regulation is administered maliciously or in bad faith.")

## IMMUNITY

Taylor's claims are due to be dismissed because Hayes is immune from liability. The United States Supreme Court has stated:

> There can be no doubt ... that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Hayes is a state employee and a suit against her is a suit against the State. The State has not consented or waived immunity in this case. Thus, Hayes is absolutely immune from liability. In addition, Hayes is protected by qualified immunity.

The Eleventh Circuit has stated that: "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship,

163 F.3d 1284, 1288 (11th Cir. 1998) *quoting* Lassiter v. Ala. A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc).

Because the alleged acts of Hayes consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights of Taylor's, Hayes is protected by qualified immunity. Wilson v. Blankenship, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

## Conclusion

Based on the foregoing, Sandra Hayes requests that this Honorable Court dismiss Taylor's complaint with prejudice.

Respectfully Submitted,

Troy King (KIN047)
Attorney General

/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
*Civil Division*
11 South Union Street
Montgomery, AL 36130
Phone: 334-353-5305
Fax: 334-242-2433
Email: bcarmack@ago.state.al.us
Doc No.: 125022

6

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 25th day of April, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Martin Taylor
#153251
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017**

/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433