**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| MARTIN TAYLOR, # 153251, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:06-CV-126-MHT** |
| | ) |
| SANDRA HAYES, | ) |
| | ) |
|     Defendant. | ) |

**AMENDED SUPPLEMENTAL SPECIAL REPORT**

Comes now the Defendant, *Sandra Hayes*, by and through the Honorable Troy King, Attorney General for the State of Alabama, and in accordance with this Honorable Court's Order of April 26, 2006, does hereby submit the following Amended Supplemental Special Report.

**PLAINTIFF'S ALLEGATIONS**

Taylor contends that Sandra Hayes refuses to place him in minimum security custody until he has completed the Crime Bill SAP program (hereinafter "the SAP program"). According to Taylor, the court never ordered him to complete the SAP program and, as a result, he would like to be placed in minimum security custody, not have to attend the SAP program, and be allowed to "choose programs that [he] feel[s] will help [him]."

Taylor also contends that the report used to deny his placement into a minimum security facility is incorrect. (Taylor's complaint, pg. 3) In particular,

Taylor contends that he is not 5'6, but 6'0. *See id*. Taylor also contends that he only has a "possession charge" and that he does not have 107 misdemeanors or 12 felonies. *Id.*

## ARGUMENT

Taylor contends that he is somehow entitled to reside in a minimum custody facility and to attend whatever programs he chooses while in prison. Taylor further contends that these rights were taken away from him based upon a false report from the Board of Pardons and Paroles. Taylor's contention is without merit.

"A prisoner has no constitutional right to parole, to remain incarcerated in a particular prison, or to be held in a specific security classification." West v. Giles, 2005 WL 1389877, at * 8 (M.D. Ala. 2005). " Because [a] Plaintiff has no constitutional right to a specific classification and/or security status, correctional officials may change his classification for a good reason, a bad reason, or no reason at all." *See id*. If a prison official, however, has based his or her decision on "admittedly [knowingly] false information" then this constitutes arbitrary and capricious treatment and is violative of the Constitution. *See* West v. Giles, 2005 WL 1389877, at *9. In this case, the Plaintiff has not shown that the Defendant knowingly relied upon false information to deny him a lower classification status.

In particular, Sandra Hayes has stated by affidavit that she assumed that the information in the report from the Board of Pardons and Paroles was correct. (See exhibit E) Ms. Hayes further testified that, although the Plaintiff's height was

incorrectly stated on the report, all of the other identifying characteristics of the Plaintiff were correct, i.e., his date of birth, social security number, and race and gender.  According to Ms. Hayes, she did not knowingly rely on false information to deny the Plaintiff a lower classification status or to require him to participate in various prison programs.

Because Ms. Hayes stated that she did not rely on admittedly false information with respect to Taylor's classification status, this case is due to be dismissed.  *See* West v. Giles, 2005 WL 1389877, at *10 ("Here, the defendants affirm that they did not rely on admittedly false information with respect to . . . classification status.  Consequently, summary judgment is due to be granted in favor of the defendants on this claim.")

Furthermore, Taylor's complaint is due to be dismissed because his allegations are conclusory.  Taylor does not state what particular information in the report from the Board of Pardons and Paroles resulted in the denial of a lower classification status or what information in the report resulted in him having to attend the Crime Bill SAP program.  The Eleventh Circuit has specifically stated that: "While we have held that the use of false information . . . can be a due process violation, prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim."  *See* Jones v. Ray, 279 F. 3d 944, 946 (11th Cir. 2001).

**Conclusion**

Based on the foregoing, Sandra Hayes requests that this Honorable Court dismiss Taylor's complaint with prejudice.

    Respectfully Submitted,

    Troy King (KIN047)
    Attorney General


    /s/ Bettie J. Carmack
    Bettie J. Carmack (CAR-132)
    *Assistant Attorney General*
    *Civil Division*
    11 South Union Street
    Montgomery, AL  36130
    Phone: 334-353-5305
    Fax: 334-242-2433
    Email: bcarmack@ago.state.al.us
    *Doc No.: 125889*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 4th day of May, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Martin Taylor**
**#153251**
**Easterling Correctional Facility**
**200 Wallace Drive**
**Clio, AL  36017**

/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433