IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTIN TAYLOR, # 153251, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: **2:06-CV-126-MHT** |
| | ) |
| SANDRA HAYES, | ) |
| | ) |
| Defendant. | ) |

**AFFIDAVIT**

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared *Sandra Hayes*, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is **Sandra Hayes** and I am presently employed by the Alabama Department of Corrections (ADOC) as a Classification Specialist at Easterling Correctional Facility located at 200 Wallace Drive, Clio, Alabama 36017. I am presently over the age of twenty – one years.

The Plaintiff, Martin Taylor, has asserted that I denied his request to be placed in a minimum custody facility based upon a report from the Board of Pardons and Paroles that I knew to be false. I disagree with Inmate Taylor's assertion.

At the time of Inmate Taylor's request to be placed in a minimum custody facility, it was my belief that Inmate Taylor was not a suitable candidate for a minimum custody facility because Inmate Taylor was incarcerated for attempting to distribute drugs and soliciting prostitution. Although I relied on the report from the Board of Pardons and


EXHIBIT E

Paroles (to some extent), my decision was mainly based upon the reasons for Inmate Taylor's current incarceration, i.e., the attempt to distribute drugs and solicit prostitution.

After reviewing the report from the Board of Pardons and Paroles, however, I also concluded that Inmate Taylor needed to take the Crime Bill SAP program to address some of the other issues in his life, mainly anger and poor judgment. To the best of my knowledge information and belief, the report from the Board and Pardons and Paroles was a correct report. As a classification specialist, I am required to use the report from the Board of Pardons and Paroles to assist me in making decisions regarding the inmate's classification status and to recommend various programs for the inmates.

I would never knowingly use a false report to make classification or program recommendation decisions. In this case, although the report erroneously listed Inmate Taylor's height, the report did correctly state Inmate Taylor's social security number, date of birth, last known address, race and gender. I do not admit that I knowingly relied on false information to deny Inmate Taylor a lower classification status or to require him to attend the Crime Bill SAP program.

_____
Sandra Hayes

SWORN TO and SUBSCRIBED to me this the 2nd day of May, 2006.

_____
NOTARY PUBLIC
My commission expires: 7-15-07

2